**No. 58106.**—Gallagher & Ascher Company v. United States, protest 163809–K/ 3050 (Chicago).

OLIVER, Chief Judge: This case relates to merchandise described on the invoice as "No. 3 Zinc Alloy Ingots," which was classified as a chemical element or compound under paragraph 5 of the Tariff Act of 1930, and accordingly assessed with duty at the rate of 25 per centum ad valorem. Plaintiff's principal claim is for classification under the provision for zinc in pigs in paragraph 394 of the Tariff Act of 1930, as modified by T. D. 51802, with duty assessment at the rate of seven-eighths of 1 cent per pound. It is alternatively claimed that the merchandise is dutiable at the rate of 22½ per centum ad valorem under the provision in paragraph 397 of the Tariff Act of 1930, as modified by T. D. 51802, for articles or wares, composed in chief value of zinc, not specially provided for. It should be noted that counsel for defendant, in his brief, argues that plaintiff's alternative claim under said amended paragraph 397 is the proper classification for the present merchandise.

At the trial, the parties agreed that the merchandise in question "contains 96.8% zinc and about 3.2% aluminum," that its component material of chief value is zinc, and that the commodity is the same in all material respects as the merchandise which was the subject of the decision in *M. W. Zack Metal Company* v. *United States*, 26 Cust. Ct. 91, C. D. 1306, the record in which case was incorporated herein by consent.

In the incorporated case, the merchandise was found to be "a zinc alloy, made up of four different metallic elements, deliberately mixed to definite proportions, producing a die-casting material that is actually an article of commerce, recognized in industry under the patented name 'Zamak'," and used for the manufacture of automobile hardware, particularly door handles.

Supplementing the incorporated record, plaintiff introduced the testimony of one witness, the manager of the Chicago branch of the National Lead Co., producer of "practically all of the nonferrous metals, alloys and chemicals therefrom." His testimony was an attempt to prove plaintiff's principal claim through the principle of commercial designation. On that phase of the case, the witness testified—based on 25 years' experience of buying and selling, throughout the United States, different metals, including zinc in various forms—that at and prior to June 17, 1930, the commercial meaning of the tariff term, zinc in pigs, was "virgin zinc in pig form or an alloy of zinc in pig form." Further testimony showed that the said description had reference to many classes of material, consisting of zinc of various kinds and grades, in the form of "pigs," which the witness described as "rectangular forms with ears or lips on it." Such a characterization is not sufficient to establish a commercial designation of zinc in pigs for the present merchandise, especially in view of the witness' admissions on cross-examination that the commodity under consideration is "a manufacture of zinc," susceptible of a variety of uses, which testimony, coupled with the evidence in the incorporated case, brings the present merchandise within the classification adopted therein, i. e., "articles or wares, composed in chief value of zinc, not specially provided for." Accordingly, we follow our decision in the *M. W. Zack Metal Company* case, *supra*, and hold the present merchandise to be dutiable at the rate of 22½ per centum ad valorem under the provision in paragraph 397, as modified, *supra*, for articles or wares, composed in chief value of zinc, not specially provided for, as claimed by plaintiff.

That claim in the protest is sustained and judgment will be rendered accordingly.